**FILED**
CLERK, U.S. DISTRICT COURT
1/17/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___LR___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:25-cr-00040-HDV |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 2252A(g): Engaging in a Child Exploitation Enterprise; 18 U.S.C. § 2253: Criminal Forfeiture] |
| ROHAN SANDEEP RANE, aka "ROHAN," "rogawd," "god rohan," "tradlordd," "witchking," "Rohaan is the goddddd," "rodawg," COLLIN JOHN THOMAS WALKER, aka "WRATH," "CVLLIN," "O9A.WRATH," "ghoblins," "sadb-y," "maedeeznuts," KALEB CHRISTOPHER MERRITT, aka "eTerror," "o9a.evil," "evil," "The Chariot," "sociopath," and CLINT JORDAN LOPAKA NAHOOIKAIKA BORGE, aka "Whoops," "Jordan," | |
| Defendants. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

A. THE CHILD EXPLOITATION ENTERPRISE

1. Defendants ROHAN SANDEEP RANE, also known as ("aka") "rogawd," aka "tradlordd," aka "witchking," aka "Rohaan is the goddddd," aka "rodawg" ("RANE"), COLIN JOHN THOMAS WALKER, aka "WRATH," aka "CVLLIN," aka "O9A.WRATH," aka "ghoblins," aka "sadb-y," aka "maedeeznuts" ("WALKER"), KALEB CHRISTOPHER MERRITT, aka "eTerror," aka "o9a.evil," aka "The Chariot," aka "sociopath" ("MERRITT"), and CLINT JORDAN LOPAKA NAHOOIKAIKA BORGE, aka "Whoops," aka "Jordan" ("BORGE"), were members of an Internet-based group known as CVLT, the purpose of which was, among other things, the production of, enticement to produce, advertisement of, receipt of, distribution of, possession of, and access with intent to view child pornography, as defined in Title 18, United States Code, Section 2256(8)(a) (the "CVLT Exploitation Enterprise," or "CVLT"). CVLT operated in Los Angeles and San Bernardino Counties, within the Central District of Los Angeles, and elsewhere.

2. CVLT was dedicated to, among other interests, online child sexual exploitation. CVLT members worked collectively to entice and coerce children to self-produce child pornography on servers associated with and run by CVLT on a platform known as "Platform D" and elsewhere online.

3. CVLT members participated in their online child exploitation activities because they wanted to create an army of sadist followers. On these "Platform D" servers and elsewhere online, CVLT members would seek to groom children for eventual

production of child pornography through various means of degradation. This included coercing children to engage in dehumanizing acts (e.g., cutting and eating their own hair or calling themselves CVLT's "slaves"), self-harm (e.g., carving with razor blades CVLT members' names into their skin), and exposing children to extremist and violent content (e.g., displaying videos of animals being tortured to death and women being raped). For children who resisted, CVLT members would threaten to "SWAT," "dox," or distribute the child pornography or the child and their family's personally identifiable information to the public. For children who refused, CVLT would sometimes carry through on their threats.

    4.    CVLT espoused neo-Nazism, nihilism, and pedophilia as its core principles, in addition to others, and exposed children to material depicting and promoting these principles. This included repeated uses of Nazi symbols and language and the distribution of bondage, discipline, sadist, and masochistic ("BDSM") and gore child pornography.

    5.    Defendants RANE, WALKER, MERRITT, and BORGE were members of CVLT. Defendant RANE joined CVLT at least as early as 2020 and used the usernames "rogawd," "tradlordd," "witchking," "Rohaan is the goddddd," and "rodawg." Defendant WALKER joined CVLT at least as early as 2020 and used the usernames "WRATH," "CVLLIN," "O9A.WRATH," "ghoblins," "sadb-y," and "maedeeznuts." Defendant MERRITT joined CVLT at least as early as 2020 and used the usernames aka "eTerror," "o9a.evil," "The Chariot," and "sociopath." Defendant BORGE joined CVLT at least as early as 2020 and used the usernames "Whoops" and "Jordan."

6. Defendants RANE, WALKER, and MERRITT additionally acted as leaders and administrators of CVLT, including by hosting and running CVLT servers or directing others to do so, controlling membership in CVLT, controlling access to CVLT extortion video chats and other materials, and directing and instructing victims during the creation of CVLT extortion videos and other materials.

7. CVLT included other coconspirators both known and unknown to the Grand Jury, in the Central District of California and elsewhere, including, but not limited to: Coconspirator R.M., a minor male CVLT member using the usernames "Goonz Angel" and "Deal with the Devil" ("Coconspirator R.M."); and Minor Victim 13, both a coconspirator and minor female victim of CVLT using the username "Kalina" ("Minor Victim 13").

B. MEANS AND METHODS OF THE CVLT ENTERPRISE

8. Among the means and methods by which defendants RANE, WALKER, MERRITT, and BORGE, and other CVLT members, conducted and participated in the conduct of the affairs of the CVLT Child Exploitation Enterprise were the following:

   a. CVLT members invited children to servers associated with and run by CVLT on Platform D.

   b. Once on a such server, CVLT members would groom the children to participate in self-producing child pornography by, for example, but not limited to:

      i. exploiting existing vulnerabilities, such as mental health challenges or prior sexual abuse to break down children's willpower and resistance,

      ii. degrading children, such as telling a Black child to call herself "slave" and "[N-word]",

4

    iii. offering to "protect" the children from other online predators,

    iv. encouraging children to harm themselves and others, in order to desensitize them to extreme and violent acts, such as punching themselves, hanging themselves with belts, engaging in sexual or violent acts with their pets, and – eventually – escalating to killing themselves on livestream,

    v. exposing children to violent and extremist context, such as animals being tortured and crushed to death, women being raped, and BDSM and gore child pornography, and

    vi. promoting extreme philosophies such as neo-Nazism, nihilism, anarchy, pedophilia, rape, and lawlessness.

  c. Having degraded and groomed the children, CVLT members would then knowingly employ, use, persuade, induce, entice, and coerce children to self-produce child pornography and self-harm. This child pornography sometimes included use of pets or other children, or insertion of foreign objects like knives or cacti into their genitals.

  d. For example, on or about September 15, 2021, Coconspirator R.M. and Minor Victim 13 conspired to produce child pornography of herself (Minor Victim 13) and a prepubescent child, Minor Victim 14. Minor Victim 13 filmed at least two videos depicting child pornography of Minor Victim 14 and distributed the child pornography to Coconspirator R.M. Minor Victim 13 was in San Bernardino County, within the Central District of Los Angeles, at the time she conspired with Coconspirator R.M. to produce child pornography and at the time she produced and distributed the child pornography. Minor Victim 14 was in San Bernardino County, within

the Central District of California, at the time Minor Victim 13 produced child pornography of her.

   e. Once CVLT members had obtained the child pornography from child victims, they would often try to coerce the children to produce more child pornography, threatening to release the existing child pornography to the child's friends and family – or the public – if the child did not produce more child pornography.  Other times, CVLT members would reveal they knew the child's true identity and location, and would threaten to "SWAT" or "dox" the child.

   f. CVLT members would discuss child sexual exploitation, including encouraging other members to coerce the children to engage in more extreme, violent, and degrading behavior, and also encouraged others associated with CVLT to do the same.  They also discussed the potential of being apprehended and how to evade detection by law enforcement.

[18 U.S.C. § 2252A(g)(2)]

9. The Grand Jury realleges paragraphs 1-8 of this Indictment here.

10. Beginning in at least 2019, and continuing through in or about 2022, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendants RANE, WALKER, MERRITT, and BORGE, and others known and unknown to the Grand Jury, knowingly and willfully engaged in a child exploitation enterprise, that is, the commission of a series of felony violations enumerated in Title 18, United States Code, Section 2252A(g)(2), constituting at least three separate incidents involving more than one victim. The felony violations committed by the defendants in concert with one another and other members of CVLT include, but are not limited to, the following:

MINOR VICTIM 16 (DEFENDANT BORGE)

11. Beginning on an unknown date, and continuing to an unknown date in 2019, defendant BORGE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 16, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

12. Beginning on an unknown date, and continuing to an unknown date in 2019, defendant BORGE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 16, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a

7

visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 5 (DEFENDANT RANE)

13. Beginning on an unknown date, and continuing to an unknown date in 2020, defendant RANE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induct, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 5, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

14. Beginning on an unknown date, and continuing to an unknown date in 2020, defendant RANE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 5, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 2 (DEFENDANTS RANE, WALKER, AND MERRITT)

15. Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE, WALKER, and MERRITT used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 2, to

engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

16. Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE, WALKER, and MERRITT knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 2, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

<u>MINOR VICTIM 8 (DEFENDNAT RANE)</u>

17. Beginning on an unknown date, and continuing to an unknown date in 2020, defendant RANE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 8, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

18. Beginning on an unknown date, and continuing to an unknown date in 2020, defendant RANE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 8, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using

any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

<u>MINOR VICTIM 3 (DEFENDANTS RANE, WALKER, AND MERRITT)</u>

19.  Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE, WALKER, and MERRITT used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 3, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

20.  Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE, WALKER, and MERRITT knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 3, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

<u>MINOR VICTIM 10 (DEFENDANTS RANE and WALKER)</u>

21.  Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE and WALKER used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 10, to engage in sexual activity for which a person can be charged with a criminal

offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

22. Beginning on an unknown date, continuing to an unknown date in 2020, defendants RANE and WALKER knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 10, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

<u>MINOR VICTIM 7 (DEFENDANT RANE)</u>

23. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant RANE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 7, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

24. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant RANE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 7, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using

any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 4 (DEFENDANTS RANE, MERRITT, and BORGE)

25. Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE and MERRITT used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 4, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

26. Beginning on an unknown date, and continuing to an unknown date in 2020, defendants RANE and MERRITT knowingly attempted to employ, use, persuade, induce, entice, and coerce a minor, namely Minor Victim 4, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

27. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 4, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

28. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 4, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 6 (DEFENDANTS RANE, WALKER, and MERRITT)

29. Beginning on an unknown date, and continuing to an unknown date in 2021, defendants RANE, WALKER, and MERRITT used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 6, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

30. Beginning on an unknown date, and continuing to an unknown date in 2021, defendants RANE, WALKER, and MERRITT knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 6, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 9 (DEFENDANT BORGE)

31. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 9, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

32. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 9, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

MINOR VICTIM 11 (DEFENDANTS RANE and BORGE)

33. Beginning on an unknown date, and continuing to an unknown date in 2021, defendants RANE and BORGE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 11, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

34. Beginning on an unknown date, and continuing to an unknown date in 2021, defendants RANE and BORGE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 11, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

<u>MINOR VICTIM 11 (DEFENDANT BORGE)</u>

35. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 11, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

36. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE knowingly employed, used, persuaded, induced, enticed, and coerced a minor, namely Minor Victim 11, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

15

MINOR VICTIMS 13 and 14 (DEFENDANT BORGE and UNINDICTED CVLT COCONSPIRATORS)

37. Beginning on or about August 15, 2021, and continuing through on or about August 16, 2021, an unindicted coconspirator CVLT coconspirator used a facility and means of interstate and foreign commerce, namely, the Internet, to knowingly persuade, induce, entice, and coerce a person who had not yet attained the age of 18 years, namely Minor Victim 13, to engage in sexual activity for which a person can be charged with a criminal offense, namely, production of child pornography, in violation of Title 18, United States Code, Section 2251(a).

38. Beginning on an unknown date, and continuing to an unknown date in 2021, defendant BORGE knowingly employed, used, persuaded, induced, enticed, and coerced minors, namely Minor Victim 13 and Minor Victim 14, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in affecting interstate and foreign commerce.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of any defendant's conviction of the offense set forth in this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph

if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                        /S/_____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent & Organized Crime Section

CATHARINE A. RICHMOND
Assistant United States Attorney
Violent & Organized Crime Section