JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7162
    Facsimile: (213) 894-0141
    Email:    catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>ROHAN SANDEEP RANE, ET AL.,<br>   CLINT JORDAN LOPAKA<br>   NAHOOIKAIKA BORGE,<br>   aka "Whoops,"<br>   "Jordan,"<br><br>    Defendant. | No. CR 25-40-HDV-4<br><br>STIPULATION FOR AMENDED PROTECTIVE ORDER REGARDING PRIVACY OF CHILD VICTIM INFORMATION AND PERSONALLY IDENTIFYING INFORMATION |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Catharine Richmond, and defendant CLINT JORDAN LOPAKA NAHOOIKAIKA BORGE ("defendant"), by and through his counsel of record, Matthew Kohn, hereby stipulate to, and respectfully request that the Court enter, the following protective order ("Protective Order") in this case:

1. On January 17, 2025, a grand jury charged defendant, along with three codefendants, in a single-count indictment in the above-captioned case with one count of Child Exploitation Enterprise, in violation of 18 U.S.C. § 2252A(g).

2. As part of its investigation in the above-captioned case, law enforcement personnel have collected: (1) information relating to child victims and/or witnesses, and (2) personally identifying information, which the government seeks to provide defense counsel pursuant to Rule 16 of the Federal Rules of Criminal Procedure (although some of the material may exceed the scope of the government's discovery obligations).

3. The parties recognize that all materials that the government produces to the defense are solely for the use of defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing child victim information and/or personally identifying information.

4. Title 18, United States Code, Section 3509(d) states:
   (d) Privacy protection.--
       (1) Confidentiality of information.—
           (A) A person acting in a capacity described in
           subparagraph (B) in connection with a criminal proceeding
           shall--
               (i) keep all documents that disclose the name or
               any other information concerning a child in a secure place

|   |   |
|---|---|
| 1 | to which no person who does not have reason to know their |
| 2 | contents has access; and |
| 3 | (ii) disclose documents described in clause (i) |
| 4 | or the information in them that concerns a child only to |
| 5 | persons who, by reason of their participation in the |
| 6 | proceeding, have reason to know such information. |
| 7 | (B) Subparagraph (A) applies to-- |
| 8 | (i) all employees of the Government connected |
| 9 | with the case, including employees of the Department of |
| 10 | Justice, any law enforcement agency involved in the case, |
| 11 | and any person hired by the Government to provide |
| 12 | assistance in the proceeding; |
| 13 | (ii) employees of the court; |
| 14 | (iii) the defendant and employees of the |
| 15 | defendant, including the attorney for the defendant and |
| 16 | persons hired by the defendant or the attorney for the |
| 17 | defendant to provide assistance in the proceeding; and |
| 18 | (iv) members of the jury. |
| 19 | (2) Filing under seal.--All papers to be filed in court |
| 20 | that disclose the name of or any other information |
| 21 | concerning a child shall be filed under seal without |
| 22 | necessity of obtaining a court order. The person who makes |
| 23 | the filing shall submit to the clerk of the court-- |
| 24 | (A) the complete paper to be kept under seal; and |
| 25 | (B) the paper with the portions of it that disclose |
| 26 | the name of or other information concerning a child |
| 27 | redacted, to be placed in the public record. |
| 28 |   |

    (3) Protective orders—

      (A) On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.

      (B) A protective order issued under subparagraph (A) may--

        (i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

        (ii) provide for any other measures that may be necessary to protect the privacy of the child.

    (4) Disclosure of information.--This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

  5. "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license

4

number, telephone number, account number, or personal identification number.  The term "PII Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the Protective Order.

6.   The Court may issue a protective order pursuant to Fed. R. Crim. P. 16(d), which states in pertinent part, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

7.   Wherefore, to permit the government to provide discovery material to defense counsel while avoiding the unauthorized dissemination of child victim information or personally identifying information (collectively, the "PROTECTED MATERIALS"), the discovery that is produced will be subject to a Protective Order designed to protect the PROTECTED MATERIALS from inadvertent or unauthorized disclosure.  The Protective Order will include any discovery relating to the PROTECTED MATERIALS, that is, written documentation, electronic data, photographs and audio and/or video recordings provided to the Defense Team, as defined below, including any information contained therein and any copies of said discovery, which include, but are not limited to, paper or electronic copies before or after the execution of the Protective Order.

8.   For purposes of this stipulation, the term "Defense Team" refers to the defendant and his counsel of record.  "Defense Team" refers to the above-named counsel of record and any co-counsel specifically assigned to work on this case.  Additionally, the term "Defense Team" includes any defense paralegals, investigators, employees, experts, or translators hired by the counsel of record for

any defendant to assist counsel with this case.  "Defense Team" includes any subsequent counsel of record, should current counsel of record be relieved from this case or should another defendant's counsel be added to the Court's docket.  "Defense Team" does not include family members and other associates of defendants.

9.   The Defense Team is prohibited from directly providing access to the PROTECTED MATERIALS to anyone not working on the defense of this criminal case.

10.   The Defense Team shall maintain all the PROTECTED MATERIALS received from the government in a manner consistent with the terms of this Protective Order and 18 U.S.C. § 3509(d).  All information produced to the defense that the government designates as PROTECTED MATERIALS shall be stored in a secure manner in the defense team's offices, homes, vehicles, or personal presence.  Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

11.   Defendant and his attorney are required to give a copy of this Protective Order to all individuals outside defense counsel's office engaged or consulted by defense counsel in preparation of the trial in this case.  Said individuals must agree in writing to be bound by the terms of this Protective Order before receiving any of the PROTECTED MATERIALS in connection with this case.  The Defense Team will keep a list of all individuals who have agreed in writing to be bound by the terms of this Protective Order, which list may be disclosed upon order of the Court in the event that the Court is asked to determine whether a possible breach of the terms of the Protective Order has occurred.

12. The attorney of record and members of the Defense Team may display and review the PROTECTED MATERIALS with the defendant. The attorney of record and members of the defense team acknowledge that providing copies of the PROTECTED MATERIALS to defendant or other persons is prohibited, and agree not to duplicate or provide copies of the PROTECTED MATERIALS to defendant or other persons.

13. Nothing in this order should be construed as imposing any discovery obligations on the government or defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

14. Any of the PROTECTED MATERIALS that are filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, pursuant to Rule 16(d) and 18 U.S.C. § 3509(d). This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

15. A recipient shall use the PROTECTED MATERIALS only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes any appeal filed by defendant, and any motion filed by defendant pursuant to 28 U.S.C. § 2255. Upon the final disposition of this case, any of the PROTECTED MATERIALS shall not be used, in any way, in any other matter, absent a court order. All of the PROTECTED MATERIALS maintained in the Defense Team's files shall remain subject to the protective order unless and until such order is modified by court order. Upon the conclusion of appellate

and post-conviction proceedings, and upon the consent of defendant who the Defense Team represents, the Defense Team shall return the PROTECTED MATERIALS or certify that the PROTECTED MATERIALS have been destroyed.

16. All employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and all members of the Defense Team, will comply with 18 U.S.C. § 3509(d).

17. An unauthorized use, disclosure, or dissemination of the PROTECTED MATERIALS may constitute a violation of law and/or contempt of court. Further, title 18, United States Code, Section 403 states, "A knowing or intentional violation of the privacy protection accorded by section 3509 of this title is a criminal contempt punishable by not more than one year's imprisonment, or a fine under this title, or both.

//

//

//

18. Defendant's counsel represents that he has discussed this stipulation and proposed Protective Order with his client who agrees to be bound by this stipulation and the proposed Protective Order, if executed by the Court.

IT IS SO STIPULATED.

Dated: 03/03/25

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Catharine Richmond*

_____
CATHARINE A. RICHMOND
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: 03/ 4 /25

*matthew david kohn*
_____
MATTHEW KOHN

Attorney for Defendant
CLINT JORDAN LOPAKA NAHOOIKAIKA BORGE