```
JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7162
     Facsimile: (213) 894-0141
     Email:     catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ROHAN SANDEEP RANE, ET AL.,<br>　　COLLIN JOHN WALKER, and<br>　　CLINT JORDAN BORGE,<br><br>　　　　Defendants. | No. 25-40-HDV<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>**CURRENT TRIAL DATE:**<br>April 8, 2025 (Walker) and<br>April 29, 2025 (Borge)<br>**PROPOSED TRIAL DATE:**<br>October 7, 2025<br>**CURRENT PRETRIAL DATE:**<br>March 27, 2025 (Walker) and<br>April 17, 2025 (Borge)<br>**PROPOSED PRETRIAL CONFERENCE DATE:**<br>September 25, 2025 |

　　　　Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Catharine Richmond, and defendants Collin John Walker ("defendant Walker") and Clint Jordan Borge ("defendant Borge") (collectively "defendants"), both individually and by and through their counsel of record,

Jonathan Lynn for defendant Walker and Matthew Kohn for defendant Borge, hereby stipulate as follows:

1. The Indictment in this case was filed on January 17, 2025. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on January 30, 2025. Defendant Walker was arraigned on February 14, 2025 and defendant Borge on March 3, 3025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 10, 2025 for defendant Walker and April 5, 2025 for defendant Borge. A provisional arrest warrant has been issued for defendant one, Rohan Rane, and a writ has been issued for defendant three, Kaleb Merritt.

2. On February 14, 2025, the Court set a pretrial conference on March 27, 2025 and trial on April 8, 2025, for defendant Walker and on March 3, 3025, set a pretrial conference on April 17, 2025, and trial on April 29, 2025, for defendant Borge.

3. Defendants are detained pending trial. The parties estimate that the trial in this matter will last approximately 10 days.

4. By this stipulation, defendants move to continue the trial to October 7, 2025 and the pretrial conference to September 25, 2025. This is the first request for a continuance.

5. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendants are charged with a violation of Child Exploitation Enterprise, 18 U.S.C. § 2252A(g). The government has produced discovery to the defense.

       b.   Both counsel represent they will not have adequate time to prepare by the current trial dates given their schedules and the complexity of the case.

       c.   In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       d.   Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

       e.   The government does not object to the continuance.

       f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

   6.   For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of April 8, 2025 (defendant Walker) and April 29, 2024 (defendant Borge) to October 7, 2025, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by

3

the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that any period of delay resulting from transportation of any defendant from another district shall be excluded under 18 U.S.C. § 3161(h)(1)(F).

//

//

//

4

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: 03/14/25                            Respectfully submitted,

                                           JOSEPH T. MCNALLY
                                           Acting United States Attorney

                                           LINDSEY GREER DOTSON
                                           Assistant United States Attorney
                                           Chief, Criminal Division

                                           *Catharine Richmond*

                                           _____
                                           CATHARINE A. RICHMOND
                                           Assistant United States Attorney

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA

//

//

I am Collin Walker's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial

5

|   |   |
|---|---|
| 1 | rights.  To my knowledge, my client understands those rights and |
| 2 | agrees to waive them.  I believe that my client's decision to give up |
| 3 | the right to be brought to trial earlier than October 7, 2025, is an |
| 4 | informed and voluntary one. |

03 / 20 / 2025                           *Jon Lynn*
JONATHAN LYNN                            Date
Attorney for Defendant
COLLIN WALKER

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 7, 2025.

*Collin Walker*                          3/20/25
COLLIN WALKER                            Date
Defendant

//

//

I am Clint Borge's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial

6

1 | rights. To my knowledge, my client understands those rights and
2 | agrees to waive them. I believe that my client's decision to give up
3 | the right to be brought to trial earlier than October 7, 2025, is an
4 | informed and voluntary one.

5 | _/s/ Matthew Kohn_                                  3/14/2025
6 | MATTHEW KOHN                                        Date
  | Attorney for Defendant
7 | CLINT BORGE

8 |
9 |   I have read this stipulation and have carefully discussed it
10 | with my attorney. I understand my Speedy Trial rights. I
11 | voluntarily agree to the continuance of the trial date, and give up
12 | my right to be brought to trial earlier than October 7, 2025.

13 | _/s/_                                               3/14/2025
14 | CLINT BORGE                                         Date
   | Defendant