1  JOSEPH T. MCNALLY
   Acting United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   CATHARINE A. RICHMOND (Cal. Bar No. 301184)
4  Assistant United States Attorney
   Violent & Organized Crime Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-7162
7       Facsimile: (213) 894-0141
        Email:     catharine.richmond@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| 12 | UNITED STATES OF AMERICA, | No. CR 25-40-HDV |
|---|---|---|
| 13 | Plaintiff, | [PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| 14 | v. | |
| 15 | ROHAN SANDEEP RANE, ET AL., COLLIN JOHN WALKER, and CLINT JORDAN BORGE, | **[PROPOSED] TRIAL DATE: [10-07-25]** |
| 16 | | [PROPOSED] PRETRIAL CONFERENCE: [09-25-25] |
| 17 | Defendants Defendant. | |

18

19

20      The Court has read and considered the Stipulation Regarding

21  Request for (1) Continuance of Trial Date and (2) Findings of

22  Excludable Time Periods Pursuant to Speedy Trial Act, filed by the

23  parties in this matter on March 21, 2025.  The Court hereby finds

24  that the Stipulation, which this Court incorporates by reference into

25  this Order, demonstrates facts that support a continuance of the

26  trial date in this matter, and provides good cause for a finding of

27  excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

28

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from April 8, 2025 (defendant Walker) and April 29, 2024 (defendant Borge) to October 7, 2025. The status conference hearing is continued to September 25, 2025.

2. The time period of April 8, 2025 (defendant Walker) and April 29, 2024 (defendant Borge) to October 7, 2025, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

//

//

//

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____                    _____
 DATE                                              HONORABLE HERNÁN D. VERA
                                                   UNITED STATES DISTRICT JUDGE

Presented by:

*Catharine Richmond*
_____
CATHARINE A. RICHMOND
Assistant United States Attorney