TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
KELLYE NG (Cal. Bar No. 313051)
Assistant United States Attorneys
Major Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-7162/8408
    Facsimile:  (213) 894-0141
    E-mail:    catharine.richmond@usdoj.gov
            kellye.ng@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>KALEB CHRISTOPHER MERRITT,<br><br>       Defendant. | No. CR 25-40-HDV-3<br><br>PLEA AGREEMENT FOR DEFENDANT<br>KALEB CHRISTOPHER MERRITT |

    1.   This constitutes the plea agreement between KALEB CHRISTOPHER MERRITT ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

    2.   Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single count indictment in <u>United States v. Rane et al.</u>, CR No. 25-40-HDV-3, which charges defendant with Child Exploitation Enterprise in violation of 18 U.S.C. § 2252A(g).

b.    Not contest facts agreed to in this agreement.

c.    Abide by all agreements regarding sentencing contained in this agreement.

d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.    Defendant agrees to and agrees to not oppose the imposition of the following conditions of probation or supervised release:

a.    Within three (3) days of release from prison, the defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction.  When registering for the first time, the defendant shall also register in the

2

1   jurisdiction in which the conviction occurred if different from the

2   defendant's jurisdiction of residence.  The defendant shall provide

3   proof of registration to the Probation Officer within 48 hours of

4   registration.

5         b.   The defendant shall participate in a psychological

6   counseling, psychiatric treatment, or a sex offender treatment

7   program, or any combination thereof as approved and directed by the

8   Probation Officer.  The defendant shall abide by all rules,

9   requirements, and conditions of such program, including submission to

10  risk assessment evaluations and physiological testing, such as

11  polygraph and Abel testing.  The defendant retains the right to

12  invoke the Fifth Amendment.  The Court authorizes the Probation

13  Officer to disclose the Presentence Report, and any previous mental

14  health evaluations or reports, to the treatment provider.  The

15  treatment provider may provide information (excluding the Presentence

16  Report), to State or local social service agencies (such as the State

17  of California, Department of Social Service), for the purpose of

18  defendant's rehabilitation.

19        c.   As directed by the Probation Officer, the defendant

20  shall pay all or part of the costs of psychological counseling or

21  psychiatric treatment, or a sex offender treatment program, or any

22  combination thereof to the aftercare contractor during the period of

23  community supervision.  The defendant shall provide payment and proof

24  of payment as directed by the Probation Officer.  If the defendant

25  has no ability to pay, no payment shall be required.

26        d.   The defendant shall not view or possess any materials,

27  including pictures, photographs, books, writings, drawings, videos,

28  or video games, depicting or describing child pornography, as defined

                                  3

1  in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting

2  minors, as defined at 18 U.S.C. § 2256(2).  This condition does not

3  prohibit the defendant from possessing materials solely because they

4  are necessary to, and used for, a collateral attack, nor does it

5  prohibit the defendant from possessing materials prepared and used

6  for the purposes of the defendant's Court-mandated sex offender

7  treatment, when the defendant's treatment provider or the probation

8  officer has approved of the defendant's possession of the material in

9  advance.

10      e.   The defendant shall not own, use or have access to the

11  services of any commercial mail-receiving agency, nor shall the

12  defendant open or maintain a post office box, without the prior

13  written approval of the Probation Officer.

14      f.   The defendant shall not contact the victim, J.M., by

15  any means, including in person, by mail or electronic means, or via

16  third parties.  Further, the defendant shall remain at least 100

17  yards from the victim at all times.  If any contact occurs, the

18  defendant shall immediately leave the area of contact and report the

19  contact to the Probation Officer.

20      g.   The defendant shall not enter, or loiter, within 100

21  feet of school yards, parks, public swimming pools, playgrounds,

22  youth centers, video arcade facilities, amusement and theme parks, or

23  other places primarily used by persons under the age of 18, without

24  the prior written authorization of the probation officer.

25      h.   The defendant shall not associate or have verbal,

26  written, telephonic, or electronic communication with any person

27  under the age of 18, except: (a) in the presence of the parent or

28  legal guardian of said minor; and (b) on the condition that the

4

1    defendant notify said parent or legal guardian of the defendant's

2    conviction in the instant offense/prior offense.  This provision does

3    not encompass persons under the age of 18, such as waiters, cashiers,

4    ticket vendors, etc., whom the defendant must interact with in order

5    to obtain ordinary and usual commercial services.

6         i.   The defendant shall not affiliate with, own, control,

7    volunteer or be employed in any capacity by a business or

8    organization that causes the defendant to regularly contact persons

9    under the age of 18.

10        j.   The defendant shall not affiliate with, own, control,

11   volunteer or be employed in any capacity by a business whose

12   principal product is the production or selling of materials depicting

13   or describing "sexually explicit conduct," as defined at 18 U.S.C. §

14   2256(2).

15        k.   The defendant's employment shall be approved by the

16   Probation Officer, and any change in employment must be pre-approved

17   by the Probation Officer.  The defendant shall submit the name and

18   address of the proposed employer to the Probation Officer at least

19   ten (10) days prior to any scheduled change.

20        l.   Defendant shall not reside within direct view of

21   school yards, parks, public swimming pools, playgrounds, youth

22   centers, video arcade facilities, or other places primarily used by

23   persons under the age of 18.  Defendant's residence shall be approved

24   by the Probation Officer, and any change in residence must be pre-

25   approved by the Probation Officer.  Defendant shall submit the

26   address of the proposed residence to the Probation Officer at least

27   ten days prior to any scheduled move.

28

m.    The defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

n.    The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depict "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).

o.    The defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Officer prior to the first use.  A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children.

p.    All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search, seizure and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer.

q.    The defendant shall comply with the rules and regulations of the Computer Monitoring Program.  The defendant shall pay the cost of the Computer Monitoring Program.

6

1          r.    The defendant shall submit to a search, at any time,

2    with or without warrant, and by any law enforcement or probation

3    officer, of the defendant's person and any property, house,

4    residence, vehicle, papers, computers, cell phones, other electronic

5    communication or data storage devices or media, email accounts,

6    social media accounts, cloud storage accounts, effects and other

7    areas under the defendant's control, upon reasonable suspicion

8    concerning a violation of a condition of supervision or unlawful

9    conduct by the defendant, or by any probation officer in the lawful

10   discharge of the officer's supervision functions.

11        4.    Defendant agrees to/that:

12        a.    Any and all criminal debt ordered by the Court will be

13   due in full and immediately.  The government is not precluded from

14   pursuing, in excess of any payment schedule set by the Court, any and

15   all available remedies by which to satisfy defendant's payment of the

16   full financial obligation, including referral to the Treasury Offset

17   Program.

18        b.    Complete the Financial Disclosure Statement on a form

19   provided by the USAO and, within 30 days of defendant's entry of a

20   guilty plea, deliver the signed and dated statement, along with all

21   of the documents requested therein, to the USAO by either email at

22   usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

23   Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

24   Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

25   criminal debt shall be assessed based on the completed Financial

26   Disclosure Statement and all required supporting documents, as well

27   as other relevant information relating to ability to pay.

28

1        c.    Authorize the USAO to obtain a credit report upon

2   returning a signed copy of this plea agreement.

3        d.    Consent to the USAO inspecting and copying all of

4   defendant's financial documents and financial information held by the

5   United States Probation and Pretrial Services Office.

6                          THE USAO'S OBLIGATIONS

7   5.   The USAO agrees to:

8        a.    Not contest facts agreed to in this agreement.

9        b.    Abide by all agreements regarding sentencing contained

10  in this agreement.

11       c.    At the time of sentencing, provided that defendant

12  demonstrates an acceptance of responsibility for the offense up to

13  and including the time of sentencing, recommend a two-level reduction

14  in the applicable Sentencing Guidelines offense level, pursuant to

15  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

16  additional one-level reduction if available under that section.

17                          NATURE OF THE OFFENSE

18  6.   Defendant understands that for defendant to be guilty of

19  the crime charged in count 1, that is, Child Exploitation Enterprise,

20  in violation of Title 18, United States Code, Section 2252A(g), the

21  following must be true:

22       a.    Defendant knowingly produced or attempted to produce

23  child pornography, in violation of 18 U.S.C. § 2251(a), or knowingly

24  enticed a minor to engage in criminal sexual activity, in violation

25  of 18 U.S.C. § 2422(b);

26       b.    As part of a series of felony violations constituting

27  three or more separate incidents;

28       c.    The incidents involved more than one victim; and

d.    Defendant committed those offenses in concert with three or more other persons.

7.    Defendant understands that for defendant to be guilty of production of child pornography, in violation of 18 U.S.C. § 2251(a), the following must be true:

a.    First, at the time, the victim was under the age of 18 years;

b.    Second, defendant employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

c.    Third,

i.    Defendant knew or had reason to know that the visual depiction would be transported or transmitted across state lines or in foreign commerce; or

ii.    The visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported across state lines or in foreign commerce; or

iii. The visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce; or

iv.    The visual depiction affected interstate commerce.

8.    Defendant understands that for defendant to be guilty of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), the following must be true:

a.    Defendant intended to produce child pornography; and

9

1      b. Defendant did something that was a substantial step

2   toward committing the crime.

3     9. Defendant understands that for defendant to be guilty of

4   enticement of a minor to engage in criminal sexual activity, in

5   violation of 18 U.S.C. § 2422(b), the following must be true:

6      a. Defendant used a means or facility of interstate

7   commerce, namely, the Internet, to knowingly persuade, induce,

8   entice, or coerce an individual to engage in the production of child

9   pornography;

10     b. The individual was under the age of 18 and defendant

11  knew the person was under the age of 18; and

12     c. Based upon the production of child pornography that

13  occurred, any person could have been charged with a criminal offense

14  under the laws of the United States.

15         <u>PENALTIES AND RESTITUTION</u>

16    10. Defendant understands that the statutory maximum sentence

17  that the Court can impose for a violation of 18 U.S.C. § 2252A(g),

18  is: life imprisonment; a lifetime period of supervised release; a

19  fine of $250,00 or twice the gross gain or gross loss resulting from

20  the offense, whichever is greatest; and a mandatory special

21  assessment of $100.

22    11. Defendant understands that the statutory mandatory minimum

23  sentence that the Court must impose for a violation of 18 U.S.C.

24  § 2252A(g), is: 20 years' imprisonment, followed by a 5-year period

25  of supervised release, and a mandatory special assessment of $100.

26    12. Defendant understands that defendant will be required to

27  pay full restitution to the victims of the offense to which defendant

28  is pleading guilty.  Defendant agrees that, in return for the USAO's

1  compliance with its obligations under this agreement, the Court may
2  order restitution to persons other than the victims of the offense to
3  which defendant is pleading guilty and in amounts greater than those
4  alleged in the count to which defendant is pleading guilty.  In
5  particular, defendant agrees that the Court may order restitution to
6  any victim for any losses suffered by that victim as a result of any
7  relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with
8  the offense to which defendant is pleading guilty.  The parties
9  currently believe that the applicable amount of restitution is
10  approximately $300,000, but recognize and agree that this amount
11  could change based on facts that come to the attention of the parties
12  prior to sentencing.

13      13.  Defendant understands that, pursuant to the Justice for
14  Victims of Trafficking Act of 2015, the Court shall impose an
15  additional $5,000 special assessment if the Court concludes that
16  defendant is a non-indigent person, to be paid after defendant's
17  other financial obligations have been satisfied.

18      14.  Defendant understands that, pursuant to the Amy, Vicky, and
19  Andy Child Pornography Victim Assistance Act of 2018 found in 18
20  U.S.C. § 2259A, the Court may impose an additional assessment of up
21  to $50,000.

22      15.  Defendant understands that supervised release is a period
23  of time following imprisonment during which defendant will be subject
24  to various restrictions and requirements.  Defendant understands that
25  if defendant violates one or more of the conditions of any supervised
26  release imposed, defendant may be returned to prison for all or part
27  of the term of supervised release authorized by statute for the
28  offense that resulted in the term of supervised release.

11

16.   Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to a felony and that
it is a federal crime for a convicted felon to possess a firearm or
ammunition.   Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.   Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

17.   Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.   Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.   Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his/her conviction on his
immigration status.   Defendant nevertheless affirms that he wants to
plead guilty regardless of any immigration consequences that his plea

12

1  may entail, even if the consequence is automatic removal from the
2  United States.

3                              FACTUAL BASIS

4      18.  Defendant admits that defendant is, in fact, guilty of the
5  offense to which defendant is agreeing to plead guilty.  Defendant
6  and the USAO agree to the statement of facts provided below and agree
7  that this statement of facts is sufficient to support a plea of
8  guilty to the charge described in this agreement and to establish the
9  Sentencing Guidelines factors set forth in paragraph 20 below but is
10 not meant to be a complete recitation of all facts relevant to the
11 underlying criminal conduct or all facts known to either party that
12 relate to that conduct.

13     Defendant was a member and leader of CVLT.  CVLT was a group of
14 individuals who were dedicated to the online sexual exploitation of
15 children, primarily vulnerable girls.  CVLT members, including
16 defendant, worked together online to entice and coerce children to
17 self-produce child pornography and to engage in self-harm.  Members
18 of CVLT, including defendant, hurt at least five minor victims.  CVLT
19 consisted of numerous individuals, including codefendants Rohan
20 Sandeep Rane ("Rane"), Collin John Thomas Walker ("Walker"), and
21 Clint Jordan Lopaka Nahooikaika Borge.  CVLT operated in Los Angeles
22 and San Bernardino Counties, within the Central District of
23 California.

24     In and around 2020, defendant and codefendants Rane and Walker
25 enticed and coerced Minor Victim 2, who had learning disabilities, to
26 engage in criminal sexual activity by enticing and coercing her to
27 produce child pornography, which she did.  Specifically, during an
28 online video call, they enticed and coerced her to vaginally and

                                   13

anally masturbate with a knife for the purpose of producing a visual depiction of such conduct.  During the video call, codefendant Rane asked her to say, while masturbating, "nasty ass things like rape me daddy, I'm your little nigger slut . . . rape my nigger pussy daddy." During the video call, they also enticed and coerced her into drinking her own urine.

In 2020, defendant and codefendants Rane and Walker enticed and coerced Minor Victim 3 to engage in criminal sexual activity by enticing and coercing her to produce child pornography, which she did.  Specifically, during an online video call, they enticed and coerced her to vaginally masturbate with a hairbrush for the purpose of producing a visual depiction of such conduct.

In and around 2021, defendant and codefendant Rane enticed and coerced Minor Victim 4, to engage in criminal sexual activity by attempting to entice and coerce her to produce child pornography. Specifically, during an online video call, defendant and Rane tried repeatedly to get Minor Victim 4 to take off her clothes.  Rane also instructed Minor Victim 4 to get a knife and write "Rohan" one side (Rane's first name) and "Kaleb" on the other (defendant's first name).  When she resisted their efforts, defendant said, "consequences will be real, consequences will be harsh, and I will make sure you end up killing yourself."  Defendant and Rane then discussed sending naked pictures of Minor Victim 4 to her mother and her Instagram followers if she continued to refuse.  Minor Victim 4 said she was going to kill herself to which Rane replied, "I don't care."  Rane started to count down, and Minor Victim 4 exposed her breasts.  He continued to count down, and Minor Victim 4 removed her

14

underwear but angled her body so her genitals were not visible to the camera.

In and around 2021, defendant and codefendants Rane and Walker enticed and coerced Minor Victim 6 to engage in criminal sexual activity by enticing and coercing her to produce child pornography, which she did. Specifically, during an online video call, Rane and Walker demanded Minor Victim 6 take off her clothes, which she did, exposing her vagina. Rane instructed her to draw a swastika over her vagina, which she did. Rane instructed her through the chat, "now make a cut sign that says Rohan with a swastika sign and then right underneat [sic] it, cut Kaleb with a swastika sign." Minor Victim 6 said she could not find her knife. Defendant typed into the chat, "if you dont have a knife i can give more suggestions that will be more painful so i suggest you just fuckign [sic] find it lmao." Rane wrote, "okay cam on and start cutting" . . . "Rohan with a swastika sign . , . . kaleb with a swastika sign . . . cut both . . . and make it deep . . . i want to see blood." Minor Victim 6 said, "ok" but then ended the chat.

All of the videos described above were transported and transmitted across state lines and in foreign commerce using means and facilities of interstate and foreign commerce, namely, the Internet, cellular technology, and computers. All of the minor victims described above were real children under the age of 18, and defendant knew they were real children under the age of 18.

Defendant admits that by engaging in the conduct described above, defendant produced child pornography, in violation of 18 U.S.C. § 2251(a), and enticed minors to engage in criminal sexual activity, in violation of 18 U.S.C. § 2242(b), as part of a series of

15

felony violations constituting three separate incidents.  Defendant further admits that the incidents involved more than one victim, and that he committed the violations in concert with three or more people.

SENTENCING FACTORS

19.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

20.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 35 | U.S.S.G. § 2G2.6(a) |
| Child's Age 12-15 | +2 | U.S.S.G. § 2G2.6(b)(1)(B) |
| Use of Computer | +2 | U.S.S.G. § 2G2.6(b)(4) |
| Large Number of Vulnerable Victims | +4 | U.S.S.G. § 3A1.1(b)(1)-(2) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a

16

career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's
offense level is so altered, defendant and the USAO will not be bound
by the agreement to Sentencing Guideline factors set forth above.

21.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

22.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

23.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

    a.  The right to persist in a plea of not guilty.

    b.  The right to a speedy and public trial by jury.

    c.  The right to be represented by counsel -- and if
necessary have the Court appoint counsel -- at trial.  Defendant
understands, however, that, defendant retains the right to be
represented by counsel -- and if necessary have the Court appoint
counsel -- at every other stage of the proceeding.

    d.  The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

    e.  The right to confront and cross-examine witnesses
against defendant.

    f.  The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

1          g.    The right not to be compelled to testify, and, if

2    defendant chose not to testify or present evidence, to have that

3    choice not be used against defendant.

4          h.    Any and all rights to pursue any affirmative defenses,

5    Fourth Amendment or Fifth Amendment claims, and other pretrial

6    motions that have been filed or could be filed.

7                   WAIVER OF RETURN OF DIGITAL DATA

8          24.   Understanding that the government has in its possession

9    digital devices and/or digital media seized from defendant, defendant

10   waives any right to the return of those digital devices and digital

11   media, including any digital data contained on those items.

12                  WAIVER OF APPEAL OF CONVICTION

13         25.   Defendant understands that, with the exception of an appeal

14   based on a claim that defendant's guilty plea was involuntary, by

15   pleading guilty defendant is waiving and giving up any right to

16   appeal defendant's conviction on the offense to which defendant is

17   pleading guilty.  Defendant understands that this waiver includes,

18   but is not limited to, arguments that the statute to which defendant

19   is pleading guilty is unconstitutional, and any and all claims that

20   the statement of facts provided herein is insufficient to support

21   defendant's plea of guilty.

22             LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23         26.   Defendant agrees that, provided the Court imposes a term of

24   imprisonment within or below the range corresponding to an offense

25   level of 43 and the criminal history category calculated by the

26   Court, defendant gives up the right to appeal all of the following:

27   (a) the procedures and calculations used to determine and impose any

28   portion of the sentence; (b) the term of imprisonment imposed by the

Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $300,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

27. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 292 months imprisonment, the USAO gives up its right to appeal any portion of the sentence ,with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $300,000.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

28. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up

19

1   any claim under the United States Constitution, any statute, Rule 410
2   of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
3   Criminal Procedure, or any other federal rule, that the statements or
4   any evidence derived from the statements should be suppressed or are
5   inadmissible.

6       Defendant further agrees that this paragraph of the agreement is
7   severable.  Thus, defendant's waivers are binding and effective even
8   if, subsequent to defendant's signing this agreement, defendant
9   declines to plead guilty, the Court declines to accept his guilty
10  plea, or, if this agreement is of the type described in Federal Rule
11  of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects
12  this agreement.  Defendant also agrees that his waivers are binding
13  and effective even if some other portion of this agreement is found
14  to be invalid by this Court or the Ninth Circuit.

15                  RESULT OF WITHDRAWAL OF GUILTY PLEA
16      29.  Defendant agrees that if, after entering a guilty plea
17  pursuant to this agreement, defendant seeks to withdraw and succeeds
18  in withdrawing defendant's guilty plea on any basis other than a
19  claim and finding that entry into this plea agreement was
20  involuntary, then the USAO will be relieved of all of its obligations
21  under this agreement.

22                    EFFECTIVE DATE OF AGREEMENT
23      30.  This agreement is effective upon signature and execution of
24  all required certifications by defendant, defendant's counsel, and an
25  Assistant United States Attorney.                         .

26                         BREACH OF AGREEMENT
27      31.  Defendant agrees that if defendant, at any time after the
28  signature of this agreement and execution of all required

                                   20

1   certifications by defendant, defendant's counsel, and an Assistant

2   United States Attorney, knowingly violates or fails to perform any of

3   defendant's obligations under this agreement ("a breach"), the USAO

4   may declare this agreement breached.  All of defendant's obligations

5   are material, a single breach of this agreement is sufficient for the

6   USAO to declare a breach, and defendant shall not be deemed to have

7   cured a breach without the express agreement of the USAO in writing.

8   If the USAO declares this agreement breached, and the Court finds

9   such a breach to have occurred, then: (a) if defendant has previously

10  entered a guilty plea pursuant to this agreement, defendant will not

11  be able to withdraw the guilty plea, and (b) the USAO will be

12  relieved of all its obligations under this agreement.

13          COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

14                           OFFICE NOT PARTIES

15      32.  Defendant understands that the Court and the United States

16  Probation and Pretrial Services Office are not parties to this

17  agreement and need not accept any of the USAO's sentencing

18  recommendations or the parties' agreements to facts or sentencing

19  factors.

20      33.  Defendant understands that both defendant and the USAO are

21  free to: (a) supplement the facts by supplying relevant information

22  to the United States Probation and Pretrial Services Office and the

23  Court, (b) correct any and all factual misstatements relating to the

24  Court's Sentencing Guidelines calculations and determination of

25  sentence, and (c) argue on appeal and collateral review that the

26  Court's Sentencing Guidelines calculations and the sentence it

27  chooses to impose are not error, although each party agrees to

28  maintain its view that the calculations in paragraph 20 are

1   consistent with the facts of this case.  While this paragraph permits

2   both the USAO and defendant to submit full and complete factual

3   information to the United States Probation and Pretrial Services

4   Office and the Court, even if that factual information may be viewed

5   as inconsistent with the facts agreed to in this agreement, this

6   paragraph does not affect defendant's and the USAO's obligations not

7   to contest the facts agreed to in this agreement.

8       34.  Defendant understands that even if the Court ignores any

9   sentencing recommendation, finds facts or reaches conclusions

10  different from those agreed to, and/or imposes any sentence up to the

11  maximum established by statute, defendant cannot, for that reason,

12  withdraw defendant's guilty plea, and defendant will remain bound to

13  fulfill all defendant's obligations under this agreement.  Defendant

14  understands that no one -- not the prosecutor, defendant's attorney,

15  or the Court -- can make a binding prediction or promise regarding

16  the sentence defendant will receive, except that it will be between

17  the statutory mandatory minimum and within the statutory maximum.

18                     <u>NO ADDITIONAL AGREEMENTS</u>

19      35.  Defendant understands that, except as set forth herein,

20  there are no promises, understandings, or agreements between the USAO

21  and defendant or defendant's attorney, and that no additional

22  promise, understanding, or agreement may be entered into unless in a

23  writing signed by all parties or on the record in court.

24          <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

25      36.  The parties agree that this agreement will be considered

26  part of the record of defendant's guilty plea hearing as if the

27  entire agreement had been read into the record of the proceeding.

28

1    AGREED AND ACCEPTED

2    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
3    CALIFORNIA

4    TODD BLANCHE
5    Deputy Attorney General
     BILAL A. ESSAYLI
6    First Assistant United States
     Attorney
7

8                                                    3/2/2026
     CATHARINE A. RICHMOND                           Date
9    KELLYE NG
     Assistant United States Attorneys
10

11   KALEB CHRISTOPHER ~~WALKER~~ MERRITT            2-23-26
     Defendant                                       Date
12

13   RAMANUJAN NADADUR                               2/23/2026
     Attorney for Defendant                          Date
14   KALEB CHRISTOPHER MERRITT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              23

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          2-23-26
KALEB CHRISTOPHER MERRITT                 Date
Defendant

24

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am KALEB CHRISTOPHER MERRITT's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Ramujan Nadal_ _____         2/23/2026 _____
RAMANUJAN NADADUR                           Date
Attorney for Defendant
KALEB CHRISTOPHER MERRITT